J-S43031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | | |
|---|---|---|---|
| K.A.M. | : | IN THE SUPERIOR COURT OF | |
| | : | PENNSYLVANIA | |
| | : | | |
| v. | : | | |
| | : | | |
| | : | | |
| B.K. | : | | |
| | : | | |
| Appellant | : | No. 2142 MDA 2015 | |

Appeal from the Order Entered November 9, 2015
in the Court of Common Pleas of Berks County
Civil Division at No(s): 09-4067

BEFORE: GANTMAN, P.J., PANELLA, JENKINS, JJ.

JUDGMENT ORDER BY JENKINS, J.:                **FILED AUGUST 24, 2016**

B.K. ("Mother") appeals from the custody order dated November 2, 2015, and entered November 9, 2015, in the Court of Common Pleas of Berks County, wherein the trial court granted the petition for special relief of K.A.M. ("Father"). The court further ordered that M.P.S. ("Mother's boyfriend") shall have no contact with S.W. ("Child"), born in January of 2009, and shall not reside together with Mother so long as Mother has physical custody of Child. As reflected in the order, neither Mother nor her counsel of record at the time appeared for the scheduled hearing on Father's petition, despite notice to counsel. In her concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(ii), Mother,

through counsel, argues that the trial court erred by granting the petition without ascertaining whether she received notice of the hearing.[1]

With regard to service of legal papers other than original process, Pennsylvania Rule of Civil Procedure 440 provides, in part, as follows:

> (a)(1) Copies of all legal papers other than original process filed in an action or served upon any party to an action shall be served upon every other party to the action. Service shall be made
>
> > (i) by handing or mailing a copy to or leaving a copy for each party at the address of the party's attorney of record endorsed on an appearance or prior pleading of the party, or at such other address as a party may agree, or
> >
> > (ii) by transmitting a copy by facsimile to the party's attorney of record as provided by subdivision (d).
>
> . . .

Pa.R.C.P. 440(a) (note omitted).

Here, to the extent that Mother avers that notice of the November 2, 2015 hearing on Father's petition was not received, the trial court requests, and the parties, through counsel, agree, for the matter to be remanded for an evidentiary hearing on the allegations contained in Father's petition. Accordingly, we vacate the trial court's order and remand the case for hearing on Father's petition for special relief and the entry of a new order.

_____

[1] As we remand the matter, we need not reach Mother's second issue, that the trial court erred by granting Father's petition without conducting a hearing.

Order vacated; case remanded for further proceedings in accordance with this Judgment Order, **no later** than thirty days after the date of this Judgment Order, and the entry of a new order. Panel jurisdiction is relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/24/2016